UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSEPH DAVID HENTHORN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:24-cv-01397-JPH-MJD ) |
| J. HOOD Officer, VERNON Dr., MESSIER Officer, | ) ) ) ) ) |
| Defendants. | ) |

**ORDER SCREENING COMPLAINT AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Joseph Henthorn, currently incarcerated at New Castle Correctional Facility, filed this civil action alleging deprivation of his constitutional rights in connection with his suicidal ideations. Because the plaintiff is a "prisoner," this Court must screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Henthorn's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). The complaint names as defendants: (1) Officer J. Hood; (2) Dr. Vernon; and (3) Officer Messier.

On June 6, 2023, Mr. Henthorn told officers that he was having suicidal thoughts and needed to speak to a mental health provider, which officers ignored. Mr. Henthorn then reached his arm out through his open cuffport while asking for help; Officer Hood approached him and "attempted to break my arm." Dkt. 1 at 2. On the same day, Dr. Vernon was on Mr. Henthorn's range and told him she did not care if he was suicidal because he had called her a derogatory name two days before. Then, after officers left the range that day, Mr. Henthorn tied a rope around his neck so tightly that he blacked out. He regained consciousness to Officer Messier hitting him multiple times. He was prevented from filing grievances about these incidents because he was a "nuisance." *Id.* at 3.

Mr. Henthorn is seeking damages.

### III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint, Mr. Henthorn's claims **shall proceed** against Officer Hood and Dr. Vernon under the Eighth Amendment for deliberate indifference to a serious medical need, i.e. Mr. Henthorn's suicidal ideations. Also, claims **shall proceed** against Officers Hood and Messier under the Eighth Amendment for excessive force.

To the extent Mr. Henthorn's complaint mentions his inability to file grievances about these incidents, any such claims **are dismissed**. First, he does not identify any defendant who would have been responsible for this deprivation. Second, although the Prison Litigation Reform Act requires an inmate to exhaust administrative remedies before filing a lawsuit, prison grievance procedures themselves do not create any constitutional rights that can be vindicated through a lawsuit under 42 U.S.C. § 1983. *See Owens v. Hinsley*, 635 F.3d 950, 953-54 (7th Cir. 2011); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430-31 (7th Cir. 1996).

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through January 17, 2025,** in which to file a motion to reconsider the screening order.

## IV. Conclusion and Service of Process

The Court notes that Mr. Henthorn previously moved to dismiss this case, dkt. 11, but subsequently asked for clarification as to whether he would still be responsible for the remaining filing fee balance if the case was dismissed. dkt. 12. After the Court explained that he would still be responsible for that balance, dkt. 13, Mr. Henthorn moved to withdraw his motion to dismiss. The motion to withdraw the motion to dismiss, dkt. [14], is **granted**. The **clerk is directed to terminate** the motion to dismiss, dkt. [11], and the motion for court assistance, dkt. [12].

Mr. Henthorn has also asked to be provided with copies of documents he has filed in this case. The motion, dkt. [15], is **granted to the extent the clerk is directed** to attach a copy of the docket and Mr. Henthorn's complaint, dkt. [1], to his copy of this Order.

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Officer J. Hood, Dr. Vernon, and Officer Messier in the manner specified by Rule 4(d). Process shall consist of the complaint filed on August 14, 2024, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

It appears Dr. Vernon may be an employee of Centurion Health. The **clerk is directed** to serve Dr. Vernon electronically. Also, a copy of this Order and the process documents shall also be served on Centurion electronically. Centurion is **ORDERED** to provide the full name and last known home address of any

4

defendant who does not waive service if they have such information. This information may be provided to the Court informally or may be filed ex parte.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 12/20/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

OFFICER J. HOOD
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN 47362

OFFICER MESSIER
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN 47362

Electronic service to Centurion and employee:
    Dr. Vernon

JOSEPH DAVID HENTHORN
255319
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362

Courtesy copy to:

**Adam Garth Forrest**
BBFCS ATTORNEYS
27 North Eighth Street
Richmond, IN 47374

The GEO Group, Inc.
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN  47362

The GEO Group, Inc.
c/o CORPORATE CREATIONS NETWORK INC.
8520 Allison Pointe Blvd #220
Indianapolis, IN, 46250

6