UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOSEPH DAVID HENTHORN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-01397-JPH-MJD |
| | ) | |
| J. HOOD, | ) | |
| MESSIER, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff Joseph David Henthorn brings claims under the Eighth Amendment against Defendants Officer J. Hood and Officer Messer.[1] Defendants have moved for summary judgment. Dkt. [47]. For the reasons below, that motion is **GRANTED**.

## I.
## Summary Judgment Standard

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). It cannot weigh evidence or make credibility

[1] Plaintiff named the second defendant as "Messier" in the complaint, *see* dkt. 1, but it appears that his surname is properly spelled "Messer." *See* dkt. 49-1 ("Affidavit of Trent Messer").

determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). A court only has to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it need not "scour the record" for evidence that might be relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573−74 (7th Cir. 2017) (cleaned up).

A party seeking summary judgment must inform the district court of the basis for its motion and identify the record evidence it contends demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

Plaintiff did not respond to the summary judgment motion. Accordingly, facts alleged in the motion are "admitted without controversy" so long as support for them exists in the record. S.D. Ind. L.R. 56-1(f); *see* S.D. Ind. L.R. 56-1(b) (party opposing judgment must file response brief and identify disputed facts). "Even where a non-movant fails to respond to a motion for summary judgment, the movant 'still [has] to show that summary judgment [is] proper given the undisputed facts,' *Yancick v. Hanna Steel Corp.*, 653 F.3d 532, 543 (7th Cir. 2011), with those facts taken as usual in the light most favorable to the nonmovant." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021).

## II. Factual Background

Because Defendants have moved for summary judgment under Rule 56(a), the Court views and recites the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Khungar*, 985 F.3d at 572–73.

During the relevant events, Mr. Henthorn was incarcerated at New Castle Correctional Facility, dkt. 1 at 1–2, and Officers Messer and Hood were employed as correctional officers on the Mental Health Unit at New Castle, dkt. 49-1 at 1; dkt. 49-2 at 1.

On June 6, 2023, Mr. Henthorn told officers he was suicidal. Dkt. 48 at 2. Later that day, he tied a rope around his neck and blacked out. *Id.*[2] Neither Officer Hood nor Officer Messer were working at New Castle on June 6, 2023. Dkt. 49-1 at 2 (affidavit of Officer Messer); dkt. 49-2 at 2 (affidavit of Officer Hood); *see also* dkt. 49-3 (shift schedules). Officer Hood was never made aware of Mr. Henthorn's suicidal thoughts or request to speak to a mental health provider. Dkt. 49-2 at 2.

## III. Discussion

This case is proceeding against Officer Hood and Officer Messer for deliberate indifference to Mr. Henthorn's suicidal ideations and for using excessive force against him. While Mr. Henthorn's complaint pleaded enough to

---

[2] Defendants accept these facts from Mr. Henthorn's complaint as undisputed for purposes of summary judgment. *See* dkt. 48 at 2.

proceed on these claims, dkt. 17 (screening order), "[s]ummary judgment is the 'put up or shut up' moment in litigation" that "asks a court to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Brown v. Chicago Transit Auth.*, 179 F.4th 577, 586 (7th Cir. 2026). "The Federal Rules of Civil Procedure require that on a motion for summary judgment, a party asserting a fact must support the assertion with citation to particular parts of materials in the record." *Id.*

Here, Mr. Henthorn did not respond to Defendants' motion for summary judgment, *see* dkt. 17 at 3, despite Defendants' Notice informing him of his right to respond, the requirements of Federal Rule of Civil Procedure 56 and Local Rule 56-1, and that "a failure to properly respond will be the same as failing to present any evidence in your favor at trial." Dkt. 50. Mr. Henthorn therefore has designated no evidence in opposition to Defendants' motion for summary judgment, as required. *Brown*, 179 F.4th at 586–87 ("[I]t is not the duty of the court to scour the record in search of evidence to defeat a motion for summary judgment; rather, the nonmoving party bears the responsibility of identifying the evidence on which he relies.").

**A. Deliberate Indifference**

The Eighth Amendment's prohibition against cruel and unusual punishment imposes a duty on the states, through the Fourteenth Amendment, "to provide adequate medical care to incarcerated individuals." *Boyce v. Moore*, 314 F.3d 884, 889 (7th Cir. 2002) (citing *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). "Prison officials can be liable for violating the Eighth Amendment when

they display deliberate indifference towards an objectively serious medical need." *Thomas v. Blackard*, 2 F.4th 716, 721–22 (7th Cir. 2021). "Thus, to prevail on a deliberate indifference claim, a plaintiff must show '(1) an objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent.'" *Johnson v. Dominguez*, 5 F.4th 818, 824 (7th Cir. 2021).

Defendants do not suggest that Mr. Henthorn's suicidal ideations were not objectively serious. For Mr. Henthorn to avoid summary judgment on the subjective element, the record must allow a reasonable jury to conclude that each officer acted with deliberate indifference—that is, that Defendants "consciously disregarded a serious risk to [Mr. Henthorn]'s health." *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 241 (7th Cir. 2021) (cleaned up). Deliberate indifference requires more than negligence or even objective recklessness. *Id.* Rather, Mr. Henthorn "must provide evidence that an official actually knew of and disregarded a substantial risk of harm." *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016). Moreover, "[t]o recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right." *Whitfield v. Spiller*, 76 F.4th 698, 706 (7th Cir. 2023). For this purpose, each defendant is considered independently. *Id.*

Mr. Henthorn did not designate evidence or otherwise respond to Defendants' motion for summary judgment, leaving no designated evidence in the summary judgment record that Mr. Henthorn told either Officer Hood or Officer Messer of his suicidal ideations, or that they knew about his concerns.

*See Brown*, 179 F.4th at 586 ("Properly substantiating assertions is a basic legal obligation. Doing so takes on a particular form and importance for the plaintiff at summary judgment. . . . As part of this inquiry, Brown had the burden to designate specific facts showing that there is a genuine issue for trial."). Instead, the undisputed designated evidence in the summary judgment record is that neither Officer Hood nor Officer Messer were working on June 6, 2023. Dkt. 49-1 at 2; dkt. 49-2 at 2; dkt. 49-3. There is thus no designated evidence allowing a reasonable jury to find personal involvement or deliberate indifference. Defendants are entitled to summary judgment on the deliberate indifference claims.

**B. Excessive Force**

The Eighth Amendment protects inmates from cruel and unusual punishment, including excessive force by prison officials. *McCottrell v. White*, 933 F.3d 651, 662 (7th Cir. 2019). This rule does not bar *de minimis* force unless the force is "of a sort repugnant to the conscience of mankind." *Wilkins v. Gaddy*, 559 U.S. 34, 37−38 (2010) (per curiam) (cleaned up). Even if the force applied is not *de minimis*, it remains permissible if used "in a good-faith effort to maintain or restore discipline." *McCottrell*, 933 F.3d at 664 (cleaned up). But malicious or sadistic force—even if it does not cause a serious injury—is prohibited. *Id.* To distinguish between good faith and malicious force, courts consider several factors, including:

> (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of injury inflicted; (4) the extent of the threat to the safety

> of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them; and (5) any efforts made to temper the severity of a forceful response.

*Id.* at 663; *see also Whitley v. Albers*, 475 U.S. 312, 321 (1986). Additionally, to survive summary judgment, a plaintiff must present evidence supporting "a reliable inference of wantonness in the infliction of pain." *Whitley*, 475 U.S. at 322.

Here, Mr. Henthorn designated no evidence "with citation to particular parts of materials in the record," as required, *Brown*, 179 F.4th at 586–87, so the undisputed designated evidence is that neither Officer Hood nor Officer Messer were working on June 6, 2023. Dkt. 49-1 at 2; dkt. 49-2 at 2; dkt. 49-3. Because the only designated evidence is that Officer Hood and Officer Messer were not present when Mr. Henthorn alleges that excessive force was used against him, no reasonable jury could find that either of those officers used excessive force. *See Whitfield*, 76 F.4th at 706 ("[A] plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right."). Defendants are therefore entitled to summary judgment on the excessive force claims.

## IV.
## Conclusion

Defendants' motion for summary judgment is **GRANTED**. Dkt. [47]. Final judgment will issue by separate entry.

**SO ORDERED.**

Date: 9/16/2026

James Patrick Hanlon

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JOSEPH DAVID HENTHORN
255319
NEW CASTLE – CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362

All electronically registered counsel